United States District Court
District of Massachusetts

|                                                   |   |                                   |
|---------------------------------------------------|---|-----------------------------------|
| Michael Pascucci and Susan Pascucci;              | ) |                                   |
|                                                   | ) |                                   |
| Plaintiffs,                                       | ) |                                   |
|                                                   | ) | Civil Action No.                  |
| v.                                                | ) | 17-12186-NMG                      |
|                                                   | ) |                                   |
| Town of Lynnfield and the Board Selectmen in their official capacity; | ) |                                   |
|                                                   | ) |                                   |
| Defendants.                                       | ) |                                   |

**MEMORANDUM & ORDER**

GORTON, J.

This case arises from a property dispute between Michael and Susan Pascucci ("plaintiffs" or "the Pascuccis") and the Town of Lynnfield, Massachusetts and its Board of Selectmen in their official capacities (collectively "the defendants"). The Pascuccis allege that the Town of Lynnfield made an unlawful taking of their property without just compensation. They seek a judgment enforcing their right of ownership of the subject property or, alternatively, entitling them to just compensation.

I. **Background**

The Pascuccis have owned a condominium in the Partridge Island development complex ("the Pascucci unit") since 1995.

The Partridge Island Complex was built as part of the Local Initiative Program ("LIP") pursuant to M.G.L. c. 40B.  LIP is a state-run initiative that encourages the creation of affordable and low income housing.  It is administered and regulated by the Massachusetts Department of Housing and Community Development ("DHCD").

As a requirement of LIP, a specific number of units in the Partridge Island complex were designated as "affordable" and sold at roughly 50% of their fair market value.  The Pascucci unit was purchased at such a discounted rate.  In turn, the DHCD promulgated regulations at 760 C.M.R. 45.00 requiring unitowners to abide by certain restrictions.  LIP required that applicable restrictions be endorsed on the deed rider.  One of the constraints so posted was a prohibition on renting affordable units.  The plaintiffs allege that LIP has been repealed and that Section 45.00 is no longer in effect but the defendants rejoin that the former regulation has simply been superseded by 760 C.M.R. 56.00.

After owning the condominium for many years, the Pascuccis bought a residence on Kenniston Road in Lynnfield.  Mr. Pascucci asserts that in 2012 or 2013 he requested in writing of DHCD and the Town of Lynnfield that he be granted permission to rent and eventually to sell his unit.  Plaintiffs claim that neither DHCD

nor the town acted on his letter.  Eventually, the Pascuccis chose to rent the unit for a "minimal amount of money" sufficient only to cover the mortgage and utility payments.

In 2014 or 2015, Mr. Pascucci wrote another letter to the Town and to DHCD seeking permission to sell the unit.  After receipt of that letter, the Town discovered the property had been previously rented.  In April, 2014, Lynnfield filed suit against the Pascuccis in the Massachusetts Superior Court for Essex County seeking 1) to enforce the deed rider, 2) collect profits from the rent and 3) to declare its rights. See Town of Lynnfield v. Michael Pascucci et al., Civil Action No. 2014-0612.

That Court ordered the Pascuccis to produce certain documents but they failed to do so.  The Town then moved for default judgment under the Massachusetts Rules of Civil Procedure and that motion was allowed.  In August, 2016, the Superior Court denied the Pascucci's motion to vacate or clarify the default judgment and in July, 2017, the Massachusetts Appeals Court dismissed their appeal for want of prosecution. The Pascuccis retained new counsel who moved to reinstate the appeal but that motion was denied.

Plaintiffs' complaint asserts that Lynnfield unconstitutionally appropriated the Pascucci unit and that they

are entitled either to a declaratory judgment that they are the rightful owners of the property or entitled to just compensation. Plaintiffs also seek immediate and interim equitable relief to prevent unrecoverable and irreparable damage to the property. The four-count complaint specifically alleges 1) unlawful governmental taking in violation of the Fifth Amendment, 2) unlawful regulatory taking, 3) failure to provide a valuation of the property and 4) violation of procedural due process.

Pending before the Court are cross-motions for judgment on the pleadings.

**II. Analysis**

Article III of the United States Constitution confines the judicial power of federal courts to actual "cases" or "controversies". Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). The justiciability doctrine of ripeness grows out of "Article III limitations on judicial power and [] prudential reasons for refusing to exercise jurisdiction," Reno v. Catholic Social Services, Inc., 509 U.S. 43, 57, n. 18 (1993) (citations omitted). It ensures that the "harm asserted has matured sufficiently to warrant judicial intervention." Warth v. Seldin, 422 U.S. 490, 499 n. 10 (1975).

To demonstrate that a claim is ripe for litigation, a plaintiff must show 1) "the fitness of the issues for judicial decision" and 2) "the hardship to the parties of withholding court consideration." Roman Catholic Bishop of Springfield v. City of Springfield, 724 F.3d 78, 89 (1st Cir. 2013) (citation omitted).

"[T]he question of ripeness may be considered on a court's own motion." Nat'l Park Hosp. Ass'n v. Dep't of Interior, 538 U.S. 803, 808 (2003). The Court will do so here.

In Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 194 (1985), the Supreme Court held that a federal takings claim is not timely unless a plaintiff demonstrates that

> (a) "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue," ("the final decision requirement") and (b) the plaintiff sought (and was denied) just compensation by means of an adequate state procedure ("the state action requirement").

Pascoag Reservoir & Dam, LLC v. Rhode Island, 337 F.3d 87, 91 (1st Cir. 2003) (quoting Williamson County, 473 U.S. at 186, 194-95).

Plaintiffs correctly note that neither their takings claim (Count I) nor their regulatory takings claim (Count III) could have been brought as counterclaims in the original state court action against them. See Williamson County, 473 U.S. at 195

(stating that the state's action does not cause a constitutional injury "until the state fails to provide adequate compensation for the taking"). That does not mean, however, that this Court is the proper forum for such a suit.

If a state "provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation" of the incorporated Takings Clause of the Fifth Amendment unless and until he has availed himself of that procedure. Id. Here, that procedure would be a takings claim in Massachusetts state court. The Pascuccis "may not seek compensation in federal court for an alleged taking without first resorting to the state process." Pascoag Reservoir & Dam, LLC v. Rhode Island, 337 F.3d 87, 92 (1st Cir. 2003). If the procedure is "unavailable, inadequate [or] futile", a plaintiff may be excused from such requirement, Garcia-Rubiera v. Calderon, 570 F.3d 443, 453 (1st Cir. 2009) but those exceptions do not apply here.

The Massachusetts courts provide the Pascuccis with an available, adequate and worthwhile forum for their grievances. Article 10 of the Massachusetts Declaration of rights requires that when the property of any individual is "appropriated to public uses, he shall receive a reasonable compensation therefor." See also Kris W. Kobach, The Origins of Regulatory Takings: Setting the Record Straight, 1996 Utah L. Rev. 1211,

1229 (1996) ("At the time that the U.S. Constitution was ratified, only two state constitutions contained compensation requirements: Massachusetts's and Vermont's. Massachusetts's constitution was the first to include such a clause, providing it in the 1780 Declaration of Rights.").

The Commonwealth also ensures just compensation for regulatory takings. Indeed, almost a century before the United States Supreme Court recognized regulatory takings, see Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 415 (1922), the Supreme Judicial Court concluded that a complainant was entitled to compensation for "the loss of the use of his tenement during the time he was necessarily deprived of it." Patterson v. City of Boston, 37 Mass. (20 Pick.) 159, 165 (1838).

The First Circuit Court of Appeals has held that

> [i]f a plaintiff has not even tried to obtain compensation
> from the state, then we cannot say that the state has
> denied

the property owner just compensation. Elena v. Municipality of San Juan, 677 F.3d 1, 7 (1st Cir. 2012). Should the Massachusetts courts determine that the Pascuccis are not entitled to compensation for the loss of their unit, they may return with their takings claims to federal court. Until then their action here is not ripe.

**ORDER**

For the foregoing reasons, plaintiffs' motion for judgment on the pleadings (Docket No. 33) is **DENIED,** defendants' motion for judgment on the pleadings (Docket No. 16) is **DENIED AS MOOT** and plaintiffs' complaint is **DISMISSED**.

**So ordered.**

                                            /s/ Nathaniel M. Gorton
                                            Nathaniel M. Gorton
                                            United States District Judge

Dated September 13, 2018